UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Efrain Suarez,

                Plaintiff,

                                                **Hon. Hugh B. Scott**

                                                03CV809

              v.                                      **Report**
                                                       **&**
                                               **Recommendation**

Sgt. Kremer, et al.,

                Defendants.
_____

Before the Court is the plaintiff's motion for a default judgment (Docket No. 19) and summary judgment (Docket No. 21).

**Background**

The plaintiff commenced this action against defendants Sgt. Kremer, Lt. Eickson, Correction Officer Christofaro and Corrections Officer Longwell alleging that the defendants violated his civil rights pursuant to 42 U.S.C. §1983. More specifically, the plaintiff alleges that Kremer sexually harassed him (Docket No. 12 at ¶ 5); and that Longwell refused to allow him to take a shower and other privileges in retaliation for Suarez' filing of a grievance (Docket No. 12 at ¶ 8). Suarez asserts three claims: (1) that the defendants breached a duty to protect him; (2) that the defendants failed to "administer adequate redress" and (3) that the defendants retaliated against him for filing grievances. (Docket No. 12 at pages 4-5).

1

Suarez seeks a default judgement against all defendants. (Docket No. 19). In addition, Suarez has submitted a motions styled as a "motion for summary judgment" (Docket No. 21), however this motion is based entirely upon the alleged default. The two motions are redundant.

## Discussion

It is undisputed that the defendants did not respond to or answer the Amended Complaint in a timely manner. (Docket No. 22 at ¶ 5). Counsel for the defendants states that the failure to timely respond was caused by counsel, and not any of the defendants. Further, counsel states that the delay did not prejudice the plaintiff in any way.

There is a strong preference that disputes be determined on the merits. Shah v. New York State Department of Civil Service, 168 F.3d 610, 613 (2d Cir. 1999); American Alliance Insurance Co.. Ltd. v. Eagle Insurance Co., 92 F.3d 57, 61 (2d Cir. 1996) ("Strong public policy favors resolving disputes on the merits"); Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995) (default "is a harsh remedy to be utilized only in extreme situations"); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). *See also* Springs v. Clement, 202 F.R.D. 387 (E.D.N.Y. 2001), reviewing cases. Rule 55(c) of the Federal Rules of Civil Procedure provides that "for good cause shown the court may set aside an entry of default" and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." "The Second Circuit has held that "good cause" depends upon such factors as the willfulness of the default, the prejudice the adversary would incur were the default set aside, and the merits of the defense proffered." State Bank of India v. Chalasani, 92 F.3d 1300, 1307 (2d Cir. 1996), *citing* Men's Sportswear, Inc. v. Sasson Jeans. Inc., 834 F.2d 1134, 1138 (2d Cir. 1987). The Second Circuit has made it clear

that neglect is not willfulness. American Alliance Insurance Co.. Ltd. v. Eagle Insurance Co., 92 F.3d at 61 ("We see no reason to expand this Court's willfulness standard to include careless or negligent errors in the default judgment context").

In the instant case, the record does not support a finding that the defendants' counsel's conduct in this case was willful or in bad faith. Further, the record fails to demonstrate any prejudice due to the late filing. Such a delay did not preclude the plaintiffs from any form of relief requested. "[D]elay alone is not a sufficient basis for establishing prejudice. Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983); Kee v. Hasty, 2004 WL 807071, *4 (S.D.N.Y.,2004); Springs v. Clement, 202 F.R.D. at 394 ("[d]elay alone is insufficient to establish prejudice", *citing* Enron Oil Corp. v. Diakuhara, 10 F.3d at 98). See also Campbell v. Shenendehowa Cent. Sch. Dist., 1993 WL 133726, at *2 (N.D.N.Y. 1993) (noting, in denying default motion where defendants had answered complaint belatedly, that courts disfavor defaults) (citing Meehan v. Snow, 652 F.2d 274, 277 (2d Cir.1981)). The preference is for courts to "reach judgments on the merits and not by way of default judgments." Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir.1999) (citations omitted). Moreover, the Court finds that the defendants have disputed the plaintiff's allegations and have articulated a defense to the claims in this case.

## Conclusion

Based on the above, the plaintiff's motion for a default judgment or summary judgment based upon the untimely answer should be denied.

3

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as WDNY Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME,  OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and WDNY Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to WDNY Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal

authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

     So ordered.

                                                  s/ Hon. Hugh B. Scott
                                                United States Magistrate Judge

Buffalo, New York
August 9, 2005