-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EFRAIN SUAREZ,

            Plaintiff,

                                         **DECISION AND ORDER**
      -v-                                       03-CV-0809A(Sc)

SGT. KREMER, et al.,

            Defendants.

_____

Plaintiff has filed a *pro se* complaint under 42 U.S.C. § 1983 and United States Magistrate Judge Scott, to whom this case had been referred pursuant to 28 U.S.C. § 636(b)(A)-(C), has issued an Order noting that the dates in the Court's Scheduling Order have passed, that no dispositive motions are pending and that the matter should be set for trial before Hon. Richard J. Arcara.  (Docket No. 49).

This Court is required to see that all litigants receive proper representation of counsel under the criteria set forth in *Cooper v. A. Sargenti Co.*, 877 F.2d 170 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).  In addition, courts have the inherent authority to assign counsel to represent private indigent litigants.  *See In re Smiley*, 36 N.Y.2d 433, 438 (1975).[1]

More importantly, each lawyer — especially those who are admitted to practice in federal court and who therefore are in a position to reap the benefits of such practice — has an ethical obligation under the Code of Professional Responsibility to provide *pro bono*

---

[1] 28 U.S.C. § 1915(e)(1) provides that: "The court may request an attorney to represent any person unable to afford counsel."

services for the poor. New York Code of Professional Responsibility, Canon 2, EC 2-16; EC 2-25. "Every lawyer, regardless of professional prominence or professional workload, should find time to participate in serving the disadvantaged." EC 2-25. In addition, Rule 83.1(g) of the Local Rules of Civil Procedure provides as follows:

> Every member of the bar of this Court shall be available upon the Court's request for appointment to represent or assist in the representation of indigent parties. Appointments under this rule shall be made in a manner such that no attorney shall be requested to accept more than one appointment during any twelve month period.

It is in this spirit that the Court assigns Elizabeth D. Carlson, Esq. of Hodgson Russ LLP, One M&T Plaza, Suite 2000, Buffalo, New York 14203, *pro bono*, to faithfully and diligently represent plaintiff in this case.

The Clerk of the Court is directed to copy the file in this matter and send it to Elizabeth D. Carlson, together with a copy of this order and the Guidelines Governing Reimbursement from the District Court Fund of Expenses Incurred by Court Appointed Counsel.[2]

The Court hereby directs counsel for all parties to appear at Part II, United States Court House, 68 Court Street, Buffalo, New York on January 11, 2007, at 9:00 a.m. for purposes of selecting a date for trial.

IT IS SO ORDERED.

/s/ *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: December 22, 2006

---

[2] This information and the forms are also available on the Court's web site at the Attorney Information link from the home page located at: http://www.nywd.uscourts.gov/document/fundreimbvoweb.pdf.